IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EUGENE SCALIA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>COCO BLUE OLD CITY LIMITED LIABILITY COMPANY d/b/a Coco Blue, COCO BLUE NAILS BLUE BELL LIMITED LIABILITY COMPANY d/b/a Coco Blue, and SOUNG OK KIM,<br><br>Defendants. | : : : : : : : : : : : : : : : : : | Civil Action No.  20-cv-2947 |

## COMPLAINT

Plaintiff, Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action to enjoin COCO BLUE OLD CITY LIMITED LIABILITY COMPANY d/b/a Coco Blue, COCO BLUE NAILS BLUE BELL LIMITED LIABILITY COMPANY d/b/a Coco Blue, and SOUNG OK KIM (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant COCO BLUE NAILS BLUE BELL, LLC, d/b/a Coco Blue, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 970 Dekalb Pike, Suite 230B, Blue Bell, Pennsylvania ("Blue Bell Location").  Defendant COCO BLUE NAILS BLUE BELL, LLC operates a nail salon at the same address, within the jurisdiction of this Court.

3. Defendant COCO BLUE OLD CITY LIMITED LIABILITY COMPANY, d/b/a Coco Blue, is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 108 N. 2nd Street, Philadelphia, Pennsylvania ("Old City Location"). Defendant COCO BLUE OLD CITY LIMITED LIABILITY COMPANY operates a nail salon at the same address, within the jurisdiction of this Court.

4. Defendant SOUNG OK KIM is or has been an owner and manager of the corporations identified in paragraphs 2 and 3 (collectively "Coco Blue"). During his periods of ownership and/or co-ownership of each of the corporate defendants, Kim has directed employment practices and has directly or indirectly acted in the interest of the corporations in relation to their employees, including hiring and firing employees, setting employees' conditions of employment, including schedules and the rates and methods of compensation, distributing weekly payroll, and supervising employees day-to-day. Kim controlled the pay practice of paying employees a day rate that did not include overtime premiums.

5. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act during the period that they

were owned by Kim. At all relevant times, the enterprise included COCO BLUE OLD CITY LIMITED LIABILITY COMPANY and COCO BLUE NAILS BLUE BELL, LLC. This enterprise also included COCO BLUE, INC. until October 2018, which operated a nail salon at 6 East Lancaster Avenue, in Ardmore, Pennsylvania and at another location in Conshohocken, Pennsylvania ("Ardmore and Conshohocken Locations"). This enterprise also included COCO BLUE CHESTNUT HILL, LLC until April 2018, which operated a nail salon at 8605 Germantown Ave, Philadelphia, Pennsylvania ("Chestnut Hill Location").

6. During the periods described in paragraph 7, Defendants have employed and are employing employees in and about their place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including nail polish and paraffin wax. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees of Defendants are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

7. On or before February 16 2017, Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or in the production of goods for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Defendants paid employees such as nail technicians a day rate that did not include overtime premium pay. Employees worked overtime hours, working shifts of 9.5 to 10 hours per day for 5

or more days per week. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act.

      8.      Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516. Specifically, Defendants failed to make, keep, and preserve records containing employees' full names, home addresses, dates of birth, and sex, the number of hours employees worked each day and each week,  29 C.F.R. §§ 516.2(a)(1)-(4).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

      (1)      For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act; and(2)

      (2)      For judgment pursuant to Section 16(c) of the Act finding Defendants SOUNG OK KIM, COCO BLUE OLD CITY LIMITED LIABILITY COMPANY, and COCO BLUE NAILS BLUE BELL, LLC liable for unpaid overtime due to certain of Defendants' current and former employees listed on the attached Schedule A for the period of February 15, 2016 to February 10, 2019, and for an equal amount due to certain of Defendant's current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants SOUNG OK KIM, COCO BLUE OLD CITY LIMITED LIABILITY COMPANY, and/or COCO BLUE NAILS BLUE BELL, LLC listed in the attached Schedule A for violations continuing after February 10,

2019, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*Andrea Luby*
Andrea Luby
PA ID# 321609
Office of the Solicitor, Region III
Suite 630 East, The Curtis Center
170 South Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5128 (Phone)
(215) 861-5162 (Fax)
Luby.andrea@dol.gov

U.S. DEPARTMENT OF LABOR

Attorneys for Plaintiff

**Schedule A**

Ahn-choi, Jung
Alvarracin, Kerly
Apolinar, Elvira
Bae, Sang
Bertide, Ligia
Bruno, Maria
Bruno, Maria
Chen, Olivia
Chillogallo, Gloria
Choi, Helen
Choi, Kyong
Christine
Dumas, Mayra
Guzman, Maria
Hernandez, Irma
Im, Hong
Jacobo, Pascuala
Jiatz, Maria
Jung, Mikyung
Keum, Lee
Kim, Alexandra
Kim, Alexandra
Kim, Kyung Ja
Kim, Kyung Ja
Kim, Sung
Kim, Young Sook
Lattimore, Hye Jin
Lattimore, Hye-Jin
Lay, Vanessa
Lee, Jung Sun
Lee, Yu Sook
Lin, Qing
Lliguin, Luz
Lliguin, Rosa
Llivipoma, Elsa
Llivipoma, Nubia
Ly, Dinh
Molina, Celinda
Morocho, Elisa
Park, Bobae

Park, Hoe
Park, Hye
Park, Jihee
Puli, Maria
Puma, Gabrielle
Quino, Sebastian
Quiomo, Tomasa
Rhee, Hae
Rodriguez, Clarissa
Saquic, Sandy
Shi, LeiLi
Song, Xiooli
Suh, Hyun
Ulloa, Rosa
Unknown,
Unknown, Amy
Unknown, Heather
Vargas, Maritza
Yan, Sarah
Zhang, Cici